## BRIDGET MAHON AND ANOTHER v. JESSE VAN VALKENBURG AND ANOTHER.[1]

May 12, 1922.

No. 22,762.

**Not a homestead — judgment a lien.**

The evidence sustains the finding of the court that certain property owned by one of the plaintiffs was not a homestead at the time a judgment owned by one of the defendants was docketed; and that the judgment became a lien upon such property.

Action in the district court for Hennepin county to restrain defendants from selling on execution property claimed as a homestead.

[1]Reported in 188 N. W. 316.

The case was tried before Bardwell, J., who made findings and ordered judgment in favor of defendants dissolving the injunction. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Jay W. Crane*, for appellants.

*George S. Grimes*, for respondents.

DIBELL, J.

Appeal by the plaintiffs from an order of the Hennepin district court denying their motion for a new trial in an action brought by them against the defendants to restrain an execution sale upon property claimed by them to be exempt as a homestead.

The plaintiff Bridget Mahon has been the owner since 1908 of the property known as 919 Fifth street south, which is well toward the business center of Minneapolis. At and prior to this time she owned a number of lots at 443 East Forty-fourth street, a district which was suburban in character and several miles from the uptown property. The judgment under which the defendant Van Valkenburg claims was docketed in Hennepin county on October 27, 1917. The court finds that at no time prior to April, 1920, did the plaintiffs make their home in the Fifth street property. That soon after that date they did occupy this property as a homestead is conceded. On May 10, 1915, Mrs. Mahon filed with the register of deeds, pursuant to G. S. 1913, § 6963, a notice that the Fifth street property was her homestead.

The two plaintiffs, who were husband and wife, made their home together. The title to the Forty-fourth street property passed from Mrs. Mahon to a daughter by a former marriage in 1908. The evidence is about conclusive that except for a period of a few months they occupied the Forty-fourth street property as their real home down to some time in 1920. The plaintiff John Mahon voted from there and the children went to school from there. For a short while in 1907 and 1908 they occupied the uptown property. In January, 1918, Mr. Mahon leased the Fifth street property for five years. The title was not in him but he attended to its leasing. This is Mrs. Mahon's testimony. The court could hardly find that the real home

of the plaintiffs was on the Fifth street property so as to prevent the lien of the judgment from attaching.

It was shown over the objection of the plaintiffs that the city directory did not show Mr. Mahon living on Fifth street, but for many years showed him living at Forty-fourth. We do not feel it necessary to determine the competency of this testimony. Even if incompetent, with the other evidence as it is, and the trial having been had before the court without a jury, a reversal would not follow. The Fifth street property really was not the plaintiffs' homestead for a long while before or after the docket of the judgment.

Order affirmed.